**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
_____ **DIVISION**


## EMPLOYMENT DISCRIMINATION COMPLAINT FORM


### TO BE USED BY PRO SE LITIGANTS IN ACTIONS
### FILED UNDER 42 U.S.C. § 2000e, _et seq.,_ (Title VII of the Civil Rights Act)
### 29 U.S.C. § 621, _et seq.,_ (Age Discrimination in Employment Act)
### OR 42 U.S.C. § 12112, _et seq.,_ (Americans with Disabilities Act)


Nicole Dedick                    ,

(Name of Plaintiff)


vs.                                    CASE NO: 3:18 Cv 1153- RV 1GRJ

(To be assigned by Clerk)


City of Pensacola Airport
Rob Weber, Operations Manager

(Name of Defendant which should

generally be the name of the Employer.)


### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I. PARTIES:

### A. PLAINTIFF:

State your <u>full name</u>, full mailing address, and phone number:

Name of Plaintiff:    Nicole Bedick

Mailing address:    P.O. Box 11354

Pensacola, FL 32524

Phone #    (850) 378-8283

### B. DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line (place where you were employed or sought employment) and mailing address.

Defendant's name:    City of Pensacola Airport/ Rob Weber, Ops Manager

Mailing address:    2340 Airport Blvd.

Ste. 225

Pensacola, FL 32504

## PLEASE CONTINUE ANSWERING ALL QUESTIONS ON THE FOLLOWING PAGES

## II.  FACTUAL BACKGROUND:

1.  Defendant Employer is: _City of Pensacola Airport_

2.  Defendant's business is: _Airport_

    Business address - location of headquarters: _2430 Airport Blvd. Ste.225_
    _Pensacola, FL 32504_

3.  Plaintiff ☐ sought employment from Defendant on _____

    or ☒ was employed by Defendant from _Jan 2017_ until _April 2017_.

4.  The location where Plaintiff was employed or sought employment was:

    (street address) _2430 Airport Blvd. Ste. 225_

    (city/county and state) _Pensacola, FL 32504_

5.  Plaintiff filed charges against Defendant with the Equal Employment Opportunity

    Commission on: _26Jan18_ .

6.  The Respondent(s) named on the EEOC charging document: _City of Pensacola_
    _Airport, Rob Weber Operations Manager_ . (attach document).

7.  Defendant discriminated against Plaintiff as described in Section III of this complaint on

    or about _11_ (day) _April_ (month), and _2018_ (year).

8.  As claimed in the EEOC charging document, Defendant discriminated against Plaintiff

    because of Plaintiff's:   ☐ gender/sex _____ (please identify)

    ☐ race _____        ☐ color _____

    ☐ religion _____        ☐ national origin _____

    ☒ disability _disabled veteran_        ☐ age  _Date of Birth is_ _____

    ☐ other (explain): _____

9.  Defendant discriminated against Plaintiff when Defendant:

    ☐ failed to hire Plaintiff            ☒ terminated Plaintiff's employment

    ☐ failed to promote Plaintiff        ☐ retaliated against Plaintiff

    ☐ failed to accommodate Plaintiff's disability        ☐ unequal treatment

    ☐ other (explain): _____

10. The EEOC issued a Notice of Right to Sue which was dated: _31Jan18_ and

    which was received by Plaintiff on _03Feb18_ .

    » »   The notice is attached to this complaint.        ☒ yes ☐ no   « «

11. Plaintiff also filed charges concerning this discrimination with the Florida Commission on

    Human Relations on: _____ or ☒ did not file.

## JURISDICTIONAL AND STATUTORY BASIS OF CLAIM:

This action is brought for discrimination in employment pursuant to:

☒     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin)

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634

☒     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117

*Note: To bring suit in federal court under any of the above Acts, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.


## III.    STATEMENT OF FACTS:

Briefly state the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> *You must set forth separate factual allegations in separately numbered paragraphs.* Additional pages may be added to state the relevant facts if necessary. Absent extraordinary circumstances, no more than two (2) additional pages should be attached.

Approx. 16 Jan 18 I began employment @ the Pensacola International Airport as a dispatcher. I feel as a disabled veteran the Operations manager, Rob Weber, did not want to take me on as an employee but coming on with a temp agency, I was "the only one Landrum had that was interested in the job." As such I was treated in a hostile manner by Rob Weber, another employee in an operations position in a supervisory capacity, Anthony Peterson, and other coworkers. I was treated in a hostile manner, isolated from my peers & generally treated differently from my male coworkers. I don't feel I was given proper training to perform my job functions thus leaving an opening to fire me for incompetence rather than my disabled

4

status. When my disability status was brought up, another Operations manager asked me how much compensation I was awarded from the Veteran's Administration and what my disability was. On or about 07 Apr 18, I was training under the supervision of Anthony Peterson, when I felt pressured to disclose the nature of my disability (service connected PTSD) to which he asked how I expected to be able to do my job having PTSD. The incident upset me greatly to the extent I felt compelled to email him asking not to make assumptions about my disability. My understanding was this email was forwarded to Rob Weber, who called me into his office & fired me on 11 Apr 18 stating basically that my job performance & training wasn't up to par & "it wasn't the job for me." However, from January on there was nothing brought to my attention that anything was lacking in the performance of my duties. Rob Weber expressed all these concerns he had on that day, never addressing them before, therefore not giving me the opportunity to try to meet what his expectations were. In fact, up until the day of my email to Anthony Peterson, I was being led to believe by my trainer, Russ Love, that I was more than likely going to be moved into the permanent dispatcher position that had become available.

12. The facts as set forth above in Section III of this complaint:

☐ are still being committed by Defendant against Plaintiff

☒ are no longer being committed by Defendant against Plaintiff

13. Plaintiff: ☐ still works for Defendant ☒ no longer works for Defendant, or not hired.

14. If this is a disability-related claim, did Defendant deny a request for a reasonable accommodation? ☒ yes ☐ no Explain: I asked my supervisor to not make judgments about my ability to do my job despite my disability & instead I was fired.

## IV. REQUEST FOR RELIEF:

As relief from the allegations of discrimination as stated above, Plaintiff prays that the Court grant the following relief to Plaintiff:

☐ Defendant be directed to employ Plaintiff

☐ Defendant be directed to re-employ Plaintiff

☐ Defendant be directed to promote Plaintiff

☐ Defendant be directed to _____

As additional relief to make Plaintiff whole, Plaintiff seeks: Compensatory & punitive damages of $250,000 for loss of employment which resulted in loss of home & becoming homeless

☐ injunctive relief (please explain): _____

☒ monetary damages (please explain): $250,000 in compensation, see above

☒ costs and fees involved in litigating this case.

and such other relief as may be appropriate, including attorney's fees, if applicable.

Plaintiff seeks a ☒ jury trial ☐ bench trial (without jury)

**I, hereby, declare under penalty of perjury that the foregoing statements have been written by me and are true and correct.**

27 Apr 18
(Date)

Nicole Dedick
(Signature of Plaintiff)

Nicole Dedick
(please print or type name legibly)

P.O. Box 11354
Pensacola, FL 32524

_____
(full mailing address)

Revised 08/2005

6

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Nicole Dedick**<br>**Post Office Box 11354**<br>**Pensacola, FL 32524** | From: **Mobile Local Office**<br>**63 S Royal Street**<br>**Suite 504**<br>**Mobile, AL 36602** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **425-2018-00392** | **ARLENE A. GORCEY,**<br>**Investigator** | **(251) 690-2177** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Erika LaCour*                    *1-31-18*

**Erika LaCour,**                    *(Date Mailed)*
**Local Office Director**

Enclosures(s)

cc:     **CITY OF PENSACOLA AIRPORT**

**Rob Weber, Operations Manager**
**2430 Airport Boulevard**
**Suite 225**
**Pensacola, FL 32504**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***