IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NICOLE DEDICK,

    Plaintiff,

v.                                            Case No.: 3:18-CV-01153-RV/MJF

CITY OF PENSACOLA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss filed by Defendant City of Pensacola. (ECF No. 8). After an order to show cause, Plaintiff responded, (ECF No. 10). For the reasons set forth below, the undersigned respectfully recommends that the Motion to Dismiss be denied, but that the Plaintiff be afforded an opportunity to file an Amended Complaint.

**I.**    **Background**

Plaintiff initiated this case by filling out this Court's official "Employment Discrimination Complaint Form." (Compl. 1, ECF No. 1). In the portion of that form which asks about the "Jurisdictional and Statutory Basis of Claim," Plaintiff checked two boxes: the one alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 20003-17 ("Title VII") (pertaining to "race, color, gender,

religion, national origin"), and one alleging a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA"). Also, in her "Statement of Facts," the Plaintiff focuses mainly on an ADA claim, but also alleges that she was treated "differently from my male coworkers," which appears to relate to a gender-based Title VII claim. On the form, however, she was asked to check a box to complete the following statement: "As claimed in the EEOC charging document, Defendant discriminated against Plaintiff because of Plaintiff's _____". To complete that statement, she checked only the box for "disability" and added in the blank next to that box that she was a "disabled veteran." She did not, however, check the box next to "gender/sex."

Because of this apparent contradiction, the Defendant moved to dismiss the complaint, to strike the complaint or for a more definite statement. (Mot. to Dismiss ¶¶ 4-6). The Plaintiff responded that she only sought to raise an ADA claim: "A motion to dismiss was filed on the grounds of my failure to check on my petition that I was suing for 'gender/sex discrimination,' when I am in fact suing for discrimination based on my disabled veteran status." (Pl. Resp. to Mot. to Dismiss 1, ECF No. 10). Thus, Plaintiff has indicated that she is not raising a Title VII claim, despite indications to the contrary on her complaint form.

In her "Request for Relief" Plaintiff seeks punitive damages but, as Defendant points out in its Motion to Dismiss, Plaintiff fails to articulate a legal theory justifying such damages. In her Response, Plaintiff argued that she was entitled to punitive damages on her ADA claim by describing the tragic consequences of her termination, including homelessness, depression, and anxiety.

## II.   Discussion

An employer is liable for punitive damages for its violation of the ADA where the employer is found to have acted with malice or reckless indifference to the plaintiff's federally protected rights. *Noel v. Terrace of St. Cloud, LLC*, 212 F. Supp.3d 1193, 1201 (M.D. Fla. 2016)*; see* 42 U.S.C. §§ 1981a(a)(2), (b)(1). "Malice means 'an intent to harm' and recklessness means 'serious disregard for the consequences of [one's] actions.'" *EEOC v. W&O, Inc.*, 213 F.3d 600, 611 (11th Cir. 2000) (quoting *Ferrill v. Parker Grp., Inc.*, 168 F.3d 468, 476 (11th Cir. 1999)). The proper consideration regarding punitive damages under the ADA, therefore, is the knowledge and intent of the employer at the time of the termination, not the consequences of the termination. Furthermore, a defendant's negligence toward a plaintiff's civil rights is not enough to sustain an award of punitive damages. *Id.* Instead, to establish an entitlement to punitive damages, a plaintiff must allege and establish that a defendant acted in the face of a perceived risk that its actions would

violate federal law. *Id.* (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536, 119 S. Ct. 2118, 2125 (1999)). Thus, Plaintiff's arguments in her response to the motion to dismiss are insufficient to support an award of punitive damages.

The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (per curiam); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). A court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Thus, in light of Plaintiff's *pro se* status, she should first be afforded an opportunity to amend her complaint.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The Defendant's Motion to Dismiss (ECF No. 8) be DENIED without prejudice to Defendant later moving to dismiss any amended complaint;

2. The Clerk of the Court be directed to send Plaintiff another blank civil rights complaint form; and

3. The Plaintiff be directed as follows:

    a.    In order to proceed with this case, Plaintiff must file an amended complaint within 21 days of the order adopting this Report and Recommendation.

    b.    The amended complaint must indicate clearly whether or not Plaintiff is bringing a Title VII claim. If so, it must set out factual allegations stating a claim for violation of Title VII. Additionally, if Plaintiff intends to seek punitive damages, she must articulate the factual and legal basis for them under the ADA.

    c.    Failure to comply with this order may result in dismissal of this action without further notice.

At Panama City, Florida this 25th day of January, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.