UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NICOLE DEDICK,

    Plaintiff,

v.                                        Case No.  3:18-cv-1153-RV/MJF

CITY OF PENSACOLA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons stated below, the undersigned recommends that this action be dismissed for failure to comply with three court orders and failure to prosecute.[1]

**I.   Background**

Plaintiff commenced this action by completing an "Employment Discrimination Complaint Form." (Doc. 1). Plaintiff alleged that she was brining an action for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 20003-17 ("Title VII"), and the American with Disabilities Act of 1990,

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

42 U.S.C. §§ 12112-12117 ("ADA"). (*Id.*). Defendant filed a motion to dismiss. (Doc. 8). Because Plaintiff's initial complaint was deficient and she had not been granted an opportunity to amend her complaint, the undersigned recommended that Plaintiff be permitted to amend her complaint and that the motion to dismiss be denied without prejudice. (Doc. 12 at 4-5). Senior United States District Judge Roger Vinson adopted the Report and Recommendation. (Doc. 13). Plaintiff filed her amended complaint on September 9, 2019. (Doc. 26). Defendant filed its answer on October 25, 2019. (Doc. 29).

On October 29, 2019, the undersigned issued an initial scheduling order. (Doc. 30). In relevant part, it stated:

> Counsel of record and any unrepresented parties shall confer (personally, by phone or electronically) within **30 days** from the date of this order, as required by Rule 26(f), and the joint report to the court . . . shall be filed within **14 days** thereafter. Plaintiff shall initiate arrangements for the conference and filing of the report, but the court will hold all parties equally responsible for insuring that the conference is held and the report filed.

(Doc. 30 at 2). On December 16, 2019, Defendant filed a unilateral report. (Doc. 33). In this report, Defendant indicated that it had attempted to contact Plaintiff on three separate occasions, but that Plaintiff failed to respond to Defendant's correspondence. (*Id.*). As a result, Plaintiff neither participated in a conference under Rule 26(f) with Defendant's counsel nor did she file a report as directed.

Page 2 of 7

Accordingly, the undersigned issued an order directing Plaintiff to clarify whether she was interested in pursuing this litigation. (Doc. 34). The undersigned imposed a deadline of December 30, 2019, for Plaintiff to file a response clarifying whether she wished to continue with the prosecution of her claims. (*Id.*). The undersigned warned Plaintiff that the failure to comply with that court order likely would result in dismissal of this action. (*Id.*). Plaintiff did not respond by the court-imposed deadline.

On January 9, 2020, the undersigned issued another order. (Doc. 35). In that order, the undersigned directed Plaintiff to show cause—if any—for her failure to file a response to the court's previous order. The undersigned imposed a deadline of January 31, 2020 to comply. (*Id.*). The undersigned again warned Plaintiff that her failure to comply with the order likely would result in dismissal of this action. (*Id.*). As of the date of this Report and Recommendation, Plaintiff has not filed a response to the undersigned's orders.

## II.   Discussion

The undersigned recommends that this case be dismissed for Plaintiff's failure to comply with three court orders and her failure to prosecute this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the

court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On October 29, 2019, the undersigned directed the parties to meet, pursuant to Rule 26(f), within thirty days

of that order and to submit a joint report fourteen days thereafter. Thus, Plaintiff has not complied with that court order since approximately December 12, 2019.

**(2) Plaintiff's failure to comply with three court orders.** The Plaintiff has failed to comply with three court orders:

    a.    the order issued on October 29, 2019;

    b.    the order issued on December 16, 2019; and

    c.    the order issued on January 9, 2020.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 34, 35). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Whether Plaintiff would suffer substantial prejudice.** Dismissal of this action may result in prejudice to Plaintiff insofar as Defendant may be able to assert a statute of limitations defense. Regardless, Plaintiff has not demonstrated an interest in pursuing this action, which is demonstrated by her failure to comply with three orders issued by the undersigned and her failure to respond to Defendant's counsel.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** Because Plaintiff has not complied with the undersigned's orders, the discovery period has lapsed and there has been unnecessary delay. The Plaintiff has been afforded an adequate opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's conduct and her failure to clarify her continued interest in pursuing this action, this court presumes that Plaintiff does not wish to proceed with this litigation and would ignore future orders directing Plaintiff to comply. Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be dismissed without prejudice for failure to comply with three court orders and failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Panama City, Florida this 6th day of February, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.